JOHNSON *et al. v.* VALDOSTA, MOULTRIE AND WESTERN RAILROAD COMPANY *et al.*

No. 7274. December 12, 1929.

562

*Hoyt H. Whelchel* and *R. A. Cooper,* for plaintiffs.

*C. L. Smith,* for defendants.

Hines, J. (After stating the foregoing facts.)

■ Does the deed from Cooper to the railroad company convey a mere easement or title to the land therein described? Cooper by this deed, in consideration of $400, conveyed to the railroad company, its successors and assigns, "all that tract or parcel of land situate, lying, and being in the County of Colquitt and State of Georgia," being "A strip of land sixty feet wide for a railroad right of way over, upon, and across" the home place of the grantor. Said deed contains also the following recitals and warranty, to wit: "Said right of way running from a southeasterly and in a north-westerly direction over and across said above-described lands to where the said right of way hereby conveyed leaves said land at the

public road, there being about two acres more or less of said land conveyed; which said tract or parcel of land the said J. F. Cooper will well and truly warrant and defend from the claim of all persons whatsoever, unto the said Valdosta, Moultrie & Western Railroad, its successors and assigns, forever in fee simple." The court below held that this instrument did not convey a mere easement of right of way over the home place of the grantor, but conveyed to the grantee title to the strip of land therein described. Is this ruling of the judge correct? It is not always easy to determine whether an instrument conveys a mere easement over land or title thereto. This difficulty confronts us in the present case; but taking into consideration all of the terms of this deed, and construing them together, we are of the opinion that it conveyed to the grantee, its successors and assigns, title to the strip of land therein referred to, and not a mere easement of right of way over the land of the grantor. The subject-matter of the conveyance is "all that tract or parcel of land situate, lying, and being in the County of Colquitt and State of Georgia." It is then described as "A strip of land sixty feet wide for a railroad right of way over, upon, and across" the home place of the grantor, "said right of way running from a southeasterly and in a northwesterly direction over and across said described lands to where said right of way" thereby "conveyed leaves said land at the public road," and "there being about two acres more or less of said land conveyed, which said tract or parcel of land the said J. F. Cooper will well and truly warrant and defend from the claim of all persons whatsoever" unto said railroad company, "its successors and assigns, forever in fee simple."

What is the test by which we determine whether a deed creates an easement in, or conveys title to, land? The crucial test is the intention of the parties. In arriving at this intention we must look to the whole deed, and not merely upon disjointed parts of it. The recitals in the deed, the contract, the subject-matter, the object, purpose, and the nature of restrictions or limitations, and the attendant facts and circumstances of the parties at the time of making the deed are to be considered. *G. & F. Ry. Co.* v. *Swain,* 145 *Ga.* 817 (90 S. E. 60) ; *Mayor &c. of Savannah* v. *Barnes,* 148 *Ga.* 317, 319, 321 (96 S. E. 625, 3 A. L. R. 419) ; *A., B. & A. Ry. Co.* v. *Coffee County,* 152 *Ga.* 432 (110 S. E. 214). The consideration of the deed under consideration was the substantial sum of

$400. In this respect it differs from conveyances to railroad companies of rights of way based upon nominal considerations and of benefits to be derived by the grantors from the construction and operations of railroads over or through their lands. In consideration of said sum the grantor in this case conveyed to the railroad company, its successors and assigns, "all that tract or parcel of land situate; lying, and being in the County of Colquitt and State of Georgia," and then described this tract as "A strip of land sixty feet wide for a railroad right of way over" the home place of the grantor. The words "for a railroad right of way" have a twofold meaning. They are sometimes used to mean the incorporeal right of constructing and operating a railway over the land of another, and sometimes they are used to describe a tract of land which the railroad company appropriates to its use and upon which it builds the road bed or track. New Mexico v. U. S. Trust Co., 172 U. S. 171, 182 (19 Sup. Ct. 128, 43 L. ed. 407); A., B. & A. Ry. Co. v. Coffee County, supra. The above language in the deed involved in this case was intended to describe the land granted, and not to fix the tenure of the grantee therein. Again, the language in said deed which describes the course which said right of way runs across the home place of the grantor is descriptive of the right of way granted and does not define the tenure by which the grantee holds the land conveyed. Again, this conveyance recites that there are "about two acres, more or less, of said land conveyed, which said tract or parcel of land said J. F. Cooper will well and truly warrant and defend from the claim of all persons whatsoever, unto the said Valdosta, Moultrie & Western Railroad, forever in fee simple." Here the reference is to two acres, more or less, of land conveyed. Again, in this deed the grantor stipulates to warrant the title to the tract or parcel of land conveyed, and defend the title against the claims of all persons whatsoever, unto the railroad company, its successors and assigns, forever in fee simple. It is true that the warranty clause in this deed, and the words in the tenendum clause, "forever in fee simple," do not demand the construction that this deed conveys the title to this land, and not a mere easement therein, to the grantee. Bale v. Todd, 123 Ga. 99 (2) (50 S. E. 990); A., B. & A. Ry. Co. v. Coffee County, supra. But the warranty clause and the phrase "forever in fee simple" are potent, when considered in connection with the other

terms of this deed, in inducing us to hold that this deed conveyed the title to this strip of land to the grantee. The conclusion which we thus reach is not in conflict with other cases decided by this court and on which counsel for plaintiffs rely. In *Gaslon* v. *Gainesville &c. Ry. Co.,* 120 *Ga.* 516 (48 S. E. 188), the conveyance was of "all of the land necessary for a road-bed and other earth to construct said railroad;" and the habendum clause was to said "Gainesville & Dahlonega Railroad Company for railroad purposes, forever in fee simple." The consideration of the conveyance was the benefit and advantage accruing to the grantor from the construction of the railroad, and the sum of $5. Besides, there was no warranty of title to the grantee by the grantor. In the case under consideration, as we have seen, there was a large money consideration for the deed, and it was not based upon benefits and advantages to be derived by the grantor from the construction of the railroad. It purported to convey the title to the land therein embraced. Besides, the grantor warranted to the grantee the title to the land thereby conveyed. In *L. & N. R. Co.* v. *Willbanks,* 133 *Ga.* 15 (65 S. E. 86, 24 L. R. A. (N. S.) 374, 17 Ann. Cas. 860), the grant was of a "right of way for the construction of a railroad" through the plaintiff's land. In the case under consideration the grant was of specified land for a railroad right of way; and there is a wide distinction between the grant of a right of way and the conveyance of land for railroad purposes. In *L. & N. R. Co.* v. *Maxey,* 139 *Ga.* 541 (77 S. E. 801), the grant was of "the right of way over" the lands of the grantor. In *G. & F. Ry. Co.* v. *Swain,* supra, there was in the deed conveying described tracts of land a reservation of "a right of way one hundred feet in width." Here there was no reservation of title, but only a right of way over the lands conveyed; and this court properly held that under the reservation an easement alone was created. In *Mayor &c. of Savannah* v. *Barnes,* supra, the deed conveyed "all those portions of lot 7 . . laid off as public streets or highways, forever," together with all the estate, right, title, interest, property and possession, claim and demand whatsoever, in law and equity, of the grantor, of, in, or to the same or any part or parcel thereof with the appurtenances. The habendum clause was to the streets and lane for the purpose of public highways forever, and to and for no other use, intent, and purpose whatsoever. In these circumstances this court held that the deed from the grantor to

the city conveyed to it merely easements for streets, and not the title to the property embraced in the streets. In *A., B. & A. Ry. Co.* v. *Coffee County,* supra, the conveyance was of "one hundred feet in width of right of way," and the habendum clause was to "said bargained and described right of way unto" the grantee, "its successors and assigns, forever in fee simple," with covenant of general warranty. The distinction between that case and the one under consideration is clear. In it there was a grant of a right of way, with warranty of title. In the instant case there is a conveyance of land with warranty of title. Counsel for the plaintiffs also rely upon East Alabama Ry. Co. *v.* Visscher, 114 U. S. 340 (5 Sup. Ct. 869, 29 L. ed. 136). In that case the grant was of a right of way through the lands of the grantor. The distinction between that case and the one under consideration is clear. So we are of the opinion that the cases upon which counsel for the plaintiffs rely are distinguishable from the case under consideration; and that they do not support the proposition that under the conveyance involved in this case the grantee only acquired an easement and not a title to the land thereby conveyed.

■ But it is insisted by counsel for plaintiffs that the deed from Cooper to the railroad company is void for lack of sufficient description of the property conveyed. This contention is without merit. Where property is conveyed by a grantor to a railway company for the purpose of its right of way, without any designation of the route in the deed, the occupancy of a particular route by the grantee with the consent of the grantor will identify and locate the property conveyed for such purpose. *Gaston* v. *Gainesville &c. Ry. Co.,* supra; *A. & W. P. R. Co.* v. *A., B. & A. R. Co.,* 125 *Ga.* 529 (54 S. E. 736). This is especially true where the grantee pays for land which is afterwards fully located, in which case the grantee would acquire title without a conveyance.

■ Applying the principles above ruled, the court did not err in sustaining the demurrer and in dismissing the action.

*Judgment affirmed. All the Justices concur.*