## WOODS *et al.* v. FLANDERS.

No. 10869. JULY 12, 1935. REHEARING DENIED AUGUST 10, 1935.

*Alfred Herrington Jr.,* for plaintiffs.

*J. Alex. Smith & Son,* for defendant.

BELL, Justice. Mrs. Daisy Woods and ten others, as heirs at law of H. R. Williamson, deceased, filed a complaint for land against Edwin Flanders, alleging they and the defendant claimed under a common source of title, the plaintiffs under Williamson by inheritance, and the defendant under a deed executed by Williamson to D. B. Durden, president of the Millen and Southwestern Railroad, and mesne conveyances to the defendant. The petition alleged that the tract sued for is a part of that described in the Williamson deed, but that the deed conveyed only an easement for railroad purposes, and that the land is no longer used for such purposes; also that the description was so vague and indefinite as to render the deed void as a conveyance of title. The deed was as follows: "State of Georgia, Emanuel County. This indenture, made and entered into the 6th day of August in the year of our Lord one thousand nine hundred and three, between H. R. Williamson of the County of Emanuel and State of Georgia, of the first part, and D. B. Durden, president Millen and Southwestern Railroad, a corporation under the laws of Georgia, with main office in the County of Emanuel and State of Georgia, of the second part, witnesseth that the said party of the first part, for and in consideration of the sum of one dollar ($1.00) in hand paid, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed, and confirmed, and by these presents do grant, bargain, sell, alien, convey, and confirm unto the said party of the second part, their successors and assigns, all the following described property to wit: 'A strip of land entirely through the lands of H. R. Williamson in the town of Horace, this day located on the Millen and Southwestern Railroad, 160 feet wide, being 80 feet from the center of railroad-track on each side, and 30 feet in addition on the west side of said railroad through block 5, 6, 7, and 8 in the plan of said town "West;" said railroad to leave an alley of 30 feet on the outer side of the said land conveyed to said railroad, and next to said town on each side of said railroad, to be used for a public highway. Also said railroad agrees to build a nice warehouse, substantial and commodious, dimensions under roof 21-1/2

feet by 44 feet and platforms in addition.' To have and to hold the above granted and described property, with all and singular the rights, members, and appurtenances thereunto appertaining, to the only proper use, benefit, and behoof of the said party of the second part, their successors and assigns, in fee simple. And the said party of the first part the said bargained property above described unto the said party of the second part, their successors and assigns, against the said party of the first part, his heirs, executors, administrators, and assigns, and against all and every other person or persons, shall and will and does hereby warrant and forever defend by virtue of these presents. In witness whereof the said party of the first part has hereunto set his hand and affixed his seal and delivered these presents, the day and year first above written. H. R. Williamson (L. S.)." The instrument was duly witnessed and recorded as a deed.

The defendant filed a general demurrer, which the court sustained, and the plaintiffs excepted. Under the rulings stated in the headnotes, the court did not err in sustaining the demurrer and dismissing the petition. See authorities there cited.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent. On motion for rehearing Russell, C. J., dissents.*