JACKSON *v.* ROGERS, administrator, *et al.*

No. 16589. JUNE 13, 1949. REHEARING DENIED JULY 14, 1949.

G. A. *Johns,* for plaintiff in error.

*Marvin D. Pierce Jr.,* and *Joseph D. Quillian,* contra.

HAWKINS, Justice. (After stating the foregoing facts.) It is conceded by counsel for both the plaintiffs and the defendant that this case turns upon the proper construction of the two instruments which are set out in the foregoing statement of facts and referred to in the petition as exhibits "A" and "B," and which are referred to in the briefs of counsel and will hereafter be referred to as the instruments executed by W. H. Bush in 1881 and 1884.

Both the plaintiffs and the defendant claim under W. H. Bush, the plaintiffs as the personal representative and heir at law respectively of Bush, and the defendant as successor in title under the instruments referred to, executed by Bush. If it should be held that either of these instruments conveyed the title to the lands therein referred to, then the petition failed to set out a cause of action, and the judgment overruling the general demurrers thereto should be reversed. On the other hand, if it should be held that both of these instruments conveyed easements only, and not title to the property involved, then the petition set out a good cause of action, and the trial court's judgment overruling the general demurrers thereto should be affirmed.

Counsel for both the plaintiffs and the defendant have filed exhaustive briefs, in which they have cited, discussed, and distinguished decisions by this court, and several from other jurisdictions, dealing with a similar question. Many of the cases are very close, and the differences in the facts and in the provisions of the various conveyances dealt with are slight indeed, and this renders a decision of the question here presented most difficult. As pointed out by this court in *Johnson* v. *Valdosta, Moultrie &c. R. Co.,* 169 *Ga.* 559, 562 (150 S. E. 845), *Rogers* v. *Pitchford,* 181 *Ga.* 845, 847 (184 S. E. 623), and *Atlanta, Birmingham & Atlantic Ry. Co.* v. *County of Coffee,* 152 *Ga.* 432, 435 (110 S. E. 214), the crucial test in determining whether a conveyance grants an easement in, or conveys title to, land, is the intention of the parties, but in arriving at the intention many elements enter into the question. The whole deed or instrument must be looked to,

and not merely disjointed parts of it. The recitals in the deed, the contract, the subject-matter, the object, purposes, and nature of the restrictions or limitations, if any, or the absence of such, and the attendant facts and circumstances of the parties at the time of the making of the conveyance are all to be considered. Code, § 29-109. With these things in mind, we will first consider the Bush conveyance of 1881. The consideration therein recited is, "the benefit and advantages to me accruing by the construction of the Gainesville, Jefferson & Southern Railroad, as well as the receipt of ten dollars, to me paid"; and in this respect the instrument is similar to those held in some of the cases referred to as conveying easements only, but this conveyance continues, "I have this day bargained and sold, and do hereby transfer and convey," unto the railroad company "and its successors and assigns all the *land* contained within one hundred feet in width on each side of its track, or roadbed (measuring from the center), of any portion of the lot of land hereinafter described through which said railroad may be constructed." The instrument further recites: "The *land* hereby conveyed being *that tract or parcel of land* in said county and State, land on which I live, and any other land through which it may run belonging to me, bounded by lands of" named persons, and others. The habendum clause of the instrument is: "To have and to hold said *tract or parcel of land* to the said railroad company, for railroad purposes, forever in fee simple." It will thus be seen that the conveyance is made not only to the railroad company, but also to its *successors and assigns.* Nowhere in this instrument is the term "easement" or "right of way," or any other expression used from which an intent to convey merely an easement might be inferred, but in every portion of the instrument where that which is conveyed is referred to, it is referred to as "land"—"I . . hereby . . convey . . all the *land* contained within one hundred feet in width on each side of its track, or roadbed. . . The *land* hereby conveyed being *that tract or parcel of land.* . . To have and to hold *said tract or parcel of land"* to the railroad company, "for railroad purposes, *forever in fee simple."* It is true that there is no warranty clause in this instrument, but the habendum clause does contain the words "forever in fee simple." While, as held by this court in the *Johnson* case, supra, the use

of the words, "forever in fee simple," does not demand the construction that this instrument conveys to the grantee title to this land, and not a mere easement therein *(Bale* v. *Todd,* 123 *Ga.* 99 (2), 50 S. E. 990; *Atlanta, Birmingham & Atlantic Ry. Co.* v. *Coffee County,* 152 *Ga.* 432, supra), such words are "potent" when considered in connection with the other terms of the instrument in inducing us to hold that this instrument conveyed the title to this strip of land to the grantee. *Johnson* v. *Valdosta, Moultrie &c. R. Co.,* 169 *Ga.* 559 (supra).

It is insisted by counsel for the plaintiffs that the indefiniteness of the description of the land sought to be conveyed by this instrument should also be taken into consideration in determining whether the conveyance is of the title to the land or merely of an easement over the lands of the grantor, but this question is also settled adversely to this contention by the second headnote in the *Johnson* case, supra, wherein it is held: "Where property is conveyed by a grantor to a railroad company for the purpose of its right of way, without full description of the land conveyed, the occupancy of a particular route by the grantee with the consent of the grantor will identify and locate the property conveyed for such purpose, especially where the grantee pays to the grantor the purchase-price of the property conveyed and takes possession." See also, in this connection, *Gaston* v. *Gainesville &c. Ry. Co.,* 120 *Ga.* 516 (48 S. E. 188); *Atlanta & West Point R. Co.* v. *Atlanta, Birmingham & Atlantic R. Co.,* 125 *Ga.* 529 (54 S. E. 736); *Gainesville Midland R. Co.* v. *Tyner,* 204 *Ga.* 535 (50 S. E. 2d, 108).

Much stress is also laid by counsel for the plaintiffs upon the expression, "for railroad purposes," contained in the habendum clause of the instrument here under consideration. It is not insisted by counsel for the plaintiffs that this expression would be sufficient to create an estate on condition, or an estate with a conditional limitation, for they fully recognize that such an expression would not be sufficient for that purpose, and the soundness of the authorities relied upon by counsel for the defendant which hold to that effect, viz., *Hollomon* v. *Board of Education of Stewart County,* 168 *Ga.* 359 (147 S. E. 882); *Huger* v. *Protestant Episcopal Church,* 137 *Ga.* 205 (73 S. E. 385); *Moss* v. *Chappell,* 126 *Ga.* 196 (54 S. E. 968); *Heyward* v. *Hatfield,* 182

·*Ga.* 373 (185 S. E. 519); but they do insist that much weight should be given to this expression in determining whether the instrument here involved conveyed title or a mere easement. While this is one of the circumstances to be taken into consideration in construing the instrument, it is not of such significance as to require a holding that an easement only was conveyed. In *Tift* v. *Savannah, Fla. &c. Ry. Co.*, 103 *Ga.* 580 (30 S. E. 266), it was held that the instrument there under consideration, conveying to the railroad company two described lots "for depot purposes," passed to the grantee an absolute title to the two lots mentioned, which was not qualified or affected by the use of the words, "for depot purposes." See also Polebitzke *v.* John Week Lumber Co., 157 Wis. 377 (147 N. W. 703, Ann. Cas. 1916B, 604), wherein it was held that a grant of land "for the purpose of rafting and boomage," did not create merely an easement for rafting and boomage, which case was cited with approval in *Hollomon* v. *Board of Education of Stewart County*, 168 *Ga.* 359, 368 (147 S. E. 882) (supra). Nor does the consideration as expressed in the instrument now before the court require a different conclusion from that which we have reached. It is true that the money consideration of ten dollars therein expressed is nominal only, and that the further consideration recited is "the benefit and advantages to me accruing by the construction of the Gainesville, Jefferson & Southern Railroad;" and in *Johnson* v. *Valdosta &c. R. Co.*, 169 *Ga.* 559 (150 S. E. 845), that case was distinguished from others therein referred to because of the substantial amount of the consideration therein expressed, and this distinction was also referred to in *Rogers* v. *Pitchford*, 181 *Ga.* 845 (184 S. E. 623); but this does not require a different conclusion from that which we have reached, for in *Woods* v. *Flanders*, 180 *Ga.* 835 (181 S. E. 83), where the instrument under consideration was held to convey a fee-simple estate, and not a mere easement for railroad purposes, the consideration expressed was only one dollar.

We hold that the instrument executed by Bush in 1881 conveyed to the grantee therein a fee-simple title to the two-hundred-foot strip through the land therein described, and not a mere easement for railroad purposes. See, in addition to the authorities hereinbefore cited, *Samuel Mitchell Estate* v. *Western and*

*Atlantic R.*, 167 *Ga.* 728 (146 S. E. 556). What we here hold is not in conflict with the following decisions relied upon by counsel for the plaintiffs—*Atlanta, Birmingham & Atlantic Ry. Co.* v. *County of Coffee*, 152 *Ga.* 432 (supra), *Gaston* v. *Gainesville &c. Ry. Co.*, 120 *Ga.* 516 (48 S. E. 188), *Duggan* v. *Dennard*, 171 *Ga.* 622 (156 S. E. 315), *Rogers* v. *Pitchford*, 181 *Ga.* 845 (184 S. E. 623), *Louisville & Nashville R. Co.* v. *Maxey*, 139 *Ga.* 541 (77 S. E. 801), *Jackson* v. *Crutchfield*, 184 *Ga.* 412 (191 S. E. 468), and others—for the reason that the conveyances therein dealt with differ from the one here under consideration. Each of those cases has been distinguished in the cases hereinbefore cited, and it would serve no purpose, except to lengthen unduly this opinion, to undertake to point out again the various differences and distinctions.

Since we have held that the instrument executed by Bush in 1881 conveyed a fee-simple title, and not an easement, it becomes unnecessary to consider the instrument executed by him in 1884, for, even should it be held that this latter instrument conveyed an easement only, the grantor, having already conveyed the fee by the prior conveyance, could not limit or change it by the subsequent conveyance. For the reasons hereinbefore stated, the trial court erred in overruling the general demurrer.

*Judgment reversed. All the Justices concur.*