38940.  CLECKLER *et al.* v. WILLIAMS *et al.*

CARLISLE, Presiding Judge.  Plaintiffs, the children of Mrs. Lula Cleckler, brought suit against Williams to recover the full value of the life of their mother, who, under the allegations of the petition, was killed as the result of the negligent operation of an automobile by Williams.  In the original petition Williams alone was named as a party defendant, but it was alleged that the license plates on the automobile were issued to a named motor company and that plaintiffs were unable to allege whether any relationship existed between defendant Williams and an undisclosed principal for whom he might have been acting at the time.  Thereafter, plaintiffs amended their petition by alleging that the automobile being driven by defendant Williams at the time of the collision was owned by Williams and by Bandy & O'Neal Used Cars, Inc., and by B. E. O'Neal.  In the amendment plaintiffs alleged in detail the manner and method of operation of Williams, the corporation and O'Neal in the procurement and resale of used automobiles and alleged substantially that those parties were engaged in a joint venture dealing in used automobiles for profit.  The amendment sought to make Bandy & O'Neal Used Cars, Inc., and B. E. O'Neal parties defendant.  Concurrently with the filing of the amendment, plaintiff filed an "Application" praying that the court issue a writ of scire facias making the said corporation and O'Neal parties defendant to the action.  The trial court issued a rule nisi requiring the corporation and O'Neal to show cause why they should not be made parties and also ordered the issuance of the writ.  O'Neal and the corporation separately appeared by attorney and filed their separate demurrers on numerous grounds, both general and special.  Thereafter the trial court, after hearing the demurrers, entered an order sustaining the demurrers on each and every ground and dismissed the action as to those named defendants.  The exception here is to that judgment. *Held:*

Conceding, but not deciding, that the plaintiffs here have otherwise made a proper showing and pursued the proper procedure and that this is a case in which parties defendant may be added in the manner here sought, neither the original petition nor the amendment contained any allegations of fact which would render the corporation and the defendant O'Neal liable to the plaintiffs for the death of their mother. The mere fact that Williams, the corporation and O'Neal were engaged in a joint venture and that they jointly owned the automobile involved in the collision, was not sufficient to render the other joint venturers liable for the negligence of Williams. It is nowhere alleged in the petition that Williams was acting as the agent of the others or that he was about the business of the joint enterprise at the time the collision in question took place. It follows that the original petition as amended failed to state a cause of action against the corporation and against O'Neal, and the judge did not err in striking the amendment and in dismissing the action as to those defendants. *Code* § 75-308; *Rogers v. Carmichael*, 184 Ga. 496 (2) (192 SE 39); *Rogers v. Carmichael*, 58 Ga. App. 343 (1) (198 SE 318); *Bowman v. Fuller*, 84 Ga. App. 421, 426 (66 SE2d 249); *Mansour v. Mobley*, 96 Ga. App. 812, 816 (1b) (101 SE2d 786); 30 Am. Jur. 982, Joint Adventurers, § 56; 38 Am. Jur. 942, Negligence, § 253, n. 12.

*Judgment affirmed. Nichols and Eberhardt, JJ., concur.*

DECIDED JUNE 28, 1961.

*Frank M. Gleason*, for plaintiffs in error.

*Cook & Palmour, James Maddox, A. Cecil Palmour, Joseph E. Loggins*, contra.