### 42452. MORDEN v. MULLINS.
### 42453. MORDEN v. FETT.

DEEN, Judge. 1. An appeal will lie to the overruling of a motion for summary judgment. *Undercofler v. Grantham Transfer Co.,* 222 Ga. 654 (151 SE2d 765); *Parker v. Averett,* 113

Ga. App. 576 (149 SE2d 199). The motion to dismiss is denied.

2. A motion for summary judgment will be granted only where the facts conceded by the opposing party or established without contradiction show that a verdict against him would be demanded under all discernible circumstances. *Watkins v. Nationwide Mut. Fire Ins. Co.*, 113 Ga. App. 801 (149 SE2d 749).

3. Co-owners or tenants in common owe to third persons a duty to exercise ordinary care in maintaining their property in such manner as to avoid injury to third persons, and this is true although the actual management of the property is by agreement vested exclusively in one of the owners. Restatement, Torts, § 878.

4. On motion for summary judgment by the defendant Morden, the affidavits and deposition show the following facts without dispute: Morden, a dentist, and Britt Alderman, an engineer, owned adjoining lots on Lake Lanier. They agreed to construct jointly, maintain and use a floating boat dock anchored to the shoreline and a 10 x 10 foot swimming float anchored by a rope to the end of which were tied concrete blocks; the float was usually pulled to the shore when not in use, but on some 20 occasions, including the night in question, was left in a position off the shoreline where it was either in or drifted into navigable waters; during a night on which both families had gone to the lake but the Morden family was visiting friends on another part of the lake, the Aldermans, after using the float, left the float in the water and a cruising boat hit it, injuring the plaintiffs in each of these companion cases. The petitions charged defendant Morden with negligence in authorizing and allowing Alderman to keep the raft in the lake at night without lights or reflectors, with an insufficient anchor where the water was too deep and subject to drift, and contrary to regulations promulgated by the Chief of Engineers and published in the Code of Federal Regulations requiring that all floating facilities be moored only in locations designated by the District Engineer. The defendant testified that he had relied on Alderman's judgment as to the manner of construction of the float since he was not an engineer; that there were lights on the dock but no lights or reflectors on the float; that he had been present on previous occasions when the float was

placed approximately at the same location as shown by the point of impact; that he paid no attention to it; that there was no shoreline between his land and Alderman's, but the frontage was used in common; that the two men paid equally for the purchase and upkeep of the facilities and each had unrestricted use thereof; that he left the question of anchoring the float to Alderman, who could do it better than he, as he did not enjoy swimming or using the float; that he accepted Alderman's way of doing things as satisfactory; that he was gone when Alderman put the float out, but he anticipated that it would be placed approximately at the place marked "impact point" on the map; that he had no concern over whether Alderman would or would not leave the float left at that point overnight because he felt that was Alderman's responsibility; that he and his family could have used it if they had wanted to; that he knew Alderman was going to use the facilities on that day in the manner shown; that he did not consider that leaving the float out there without illumination was unsafe because of the lights on the adjacent boat dock and that it would have been all right with him for it to be out there.

We think these facts show joint responsibility on the part of both owners to use ordinary care in maintaining the facility so as not to do injury to third persons. Whether the plaintiffs themselves failed to exercise ordinary care for their safety is a jury question, and so also is the liability of Morden, a co-owner, as against his contention that any negligence in the maintenance of the float is solely attributable to Alderman. The situation is different from that of a gratuitous bailment where the sole negligence alleged is against the driver or operator of a vehicle. See *Frankel v. Cone,* 214 Ga. 733 (2) (107 SE2d 819). Tenancy in common is a type of ownership which may exist in personal as well as real property. *Cox v. Zucker,* 214 Ga. 44, 53 (102 SE2d 580). Each co-owner has a right to the use of the whole, subject to the rights of the other co-owners. *Code* § 85-1001; *Fountain v. Davis,* 71 Ga. App. 1 (2) (29 SE2d 798). Both owners are liable as such for negligence in the maintenance of the property, and where both knew and acquiesced in either leaving the float overnight in a navigable part of the lake, without lights or reflectors, and under the other conditions alleged, indubitably it is a jury question as to

whether these facts constituted improper maintenance of the equipment, and whether such maintenance is chargeable to either or both of the defendants.

The trial court did not err in denying the motions for summary judgment.

*Judgments affirmed. Frankum, P. J., and Quillian, J., concur.*

ARGUED JANUARY 9, 1967—DECIDED JANUARY 25, 1967.

*T. M. Smith, Jr., Gerald P. Thurmond, Troutman, Sams, Schroder & Lockerman,* for appellant.

*Israel Katz, Kaler, Karesh & Rubin, Sanford R. Karesh, C. Lawrence Jewett, Jr.,* for appellees.