24029. MILES v. HARRISON, by Next Friend, et al.

ARGUED MAY 8, 1967—DECIDED MAY 18, 1967.

Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., for appellant.

R. M. Reed, Berl T. Tate, D. B. Howe, Perren & Lane, for appellees.

DUCKWORTH, Chief Justice. The judgment under review was one on demurrer to the petition, hence the rule requiring a construction against the pleader is applicable. *Bailey v. Freeman,* 140 Ga. 71 (78 SE 423); *Lee v. City of Atlanta,* 197 Ga. 518, 520 (29 SE2d 774); *Dumas v. Burleigh,* 209 Ga. 214, 243 (71 SE2d 545); *Hames v. City of Marietta,* 212 Ga. 331 (92 SE2d 534). That rule requires consideration of what is not alleged or vaguely alleged as well as what is alleged. And, when thus construed, the essentials are evasively or indirectly stated in the form of a general conclusion, courts must hold that since an explicit allegation is not made, it is because it was not true and sustain the demurrer. *County Bd. of Educ. of Wilcox County v. Board of Commissioners,* 201 Ga. 815, 819 (41 SE2d 398); *Hoffman v. Chester,* 204 Ga. 296, 307 (49 SE2d 760); *Chalverus v. Wilson Mfg. Co.,* 212 Ga. 612 (94 SE2d 736). This petition contains the general allegation that the mower "was being used on the premises of Bernard Phillips at the time of the accident complained of with the knowledge and permission of the defendant, Thomas E. Miles." It is significant that this allegation does not say the defendant Miles expressly authorized this child to use it. The quoted allegation might easily mean that Phillips, the other joint owner, had it in his possession for such use at the time with the

knowledge and permission of Miles, the other joint owner. The very next paragraph of the petition definitely points to such construction, for it is there alleged that: "Thomas E. Miles had placed no restrictions upon the use of said lawn mower by Mark Phillips, despite his tender age, though he had knowledge of such use prior to the incident complained of." The applicable rule of law requires a construction that the prior conclusion that the mower was being used at the time with knowledge and permission was based solely upon the latter allegation that having knowledge of such previous use he had placed no restrictions thereon, hence meaning that at the time of the accident it is inferable that Miles gave permission because he failed to place restrictions upon such use.

Thus construed the petition alleges no grounds, even if joint ownership could possibly place any responsibility upon Miles because he did not prevent the joint owner, who had as much say-so as he did as to how it would be used, for recovery against him. The petition shows the mower was in the possession and control of Phillips who had joint ownership thereof, and that his child was using it upon Phillips' premises for his benefit and in no manner was it being used by or for the benefit of Miles. As alleged the lawn mower was purchased for their respective use on their premises. We would not know, and counsel fails to show us how Miles, holding only joint ownership in the personalty, could control Phillips who also owned it jointly with him. In such circumstances neither law nor equity can place any responsibility upon Miles for what Phillips did and which he was helpless to prevent.

The Court of Appeals wrote a long opinion, but it nowhere deals with the issues we have stated, and we do not believe any good purpose would be served by our discussing the many cases they cite, none of which dealt with strict construction on demurrer, or lack of duty of a joint owner to control by overruling the joint owner in the manner in which the joint owner used the mower. Our decision rests squarely upon these matters. There is nothing properly alleged to carry the case to a consideration of the alleged dangers attending an improper use of the mower, the incompetency of the child to whom Phil-

lips entrusted it, or the pebbly condition of the yard, since none of these are chargeable to Miles who was not using it, and it was not being used for his benefit. The petition alleges no cause of action against Miles, and it was error to affirm the judgment overruling his general demurrer.

*Judgment reversed. All the Justices concur.*