45349.   KOUTRAS, by Next Friend
v. LAZARUS et al.

Argued May 6, 1970—Decided October 26, 1970—
Rehearing denied November 19, 1970—

*Haas, Holland, Freeman, Levison & Gibert, Richard N. Hubert,* for appellant.

*Candler, Cox, McLain & Andrews, Arthur Gregory,* for appellees.

HALL, Presiding Judge. The plaintiff contends that Lazarus by virtue of his co-ownership of the jeep owed her a duty not to maintain it in a defective condition. We disagree. The law of Georgia is plain and unambiguous in holding that: "To allow any recovery" based upon mere ownership of an automobile "would deprive the defendant of property without due process of law, would authorize a recovery without liability, and would compel payment without fault." *Frankel v. Cone,* 214 Ga. 733, 736 (107 SE2d 819); *Lloyd Adams, Inc. v. Liberty Mut. Ins. Co.,* 190 Ga. 633, 641 (10 SE2d 46). See also *Hines v. Bell,* 104 Ga. App. 76, 85 (120 SE2d 892); *Cleckler v. Williams,* 104 Ga. App. 72 (121 SE2d 44); *Durden v. Maddox,* 73 Ga. App. 491 (37 SE2d 219); *Rogers v. Carmichael,* 184 Ga. 496 (192 SE 39); s. c., 58 Ga. App. 343 (198 SE 318) for the principle that ownership of a motor vehicle is not sufficient to impose liability on the owner for injury caused by the driving of a third party.

The question of whether defective maintenance can be the basis of liability in the absence of the owner's consent to or knowledge of its operation was raised in *Reddy-Waldhauer-Maffett Co. v. Spivey,* 53 Ga. App. 117, 121 (185 SE 147): "The plaintiff asserted that the owner of the truck was [also] liable on the theory that it permitted a defective vehicle to be placed in the hands of another party, and that under the familiar rule of law it is responsible for injuries proximately resulting from the use of such a vehicle." This court ruled that "Even if the owner knew that the car was out of repair . . . but on the night in question did not know that the employee would use the car, it would not create a liability on the part of the owner. The use of the car . . . was without the knowledge or consent of the owner, and was entirely unauthorized. We can not approve so broad a ground of liability on the part of automobile owners as is contended for by the movant." If this principle of law is applicable where the defendant is the sole owner it is beyond cavil that it is even more applicable where a

defendant is a co-owner. See *Raley v. Hatcher,* 61 Ga. App. 846, 847 (7 SE2d 777). It is elementary that neither co-owner has the right to possession of their vehicle to the exclusion of the other. The Supreme Court recently held in rather strong language that: "We would not know, and counsel fails to show us how Miles, holding only joint ownership in the personalty, could control Phillips who also owned it jointly with him. In such circumstances neither law nor equity can place any responsibility upon Miles for what Phillips did and which he was helpless to prevent." *Miles v. Harrison,* 223 Ga. 352, 354 (155 SE2d 6).

To the best of our knowledge the Georgia law on this subject is identical to that of all other jurisdictions which follow the fault doctrine of liability. "An owner of a motor vehicle who knows . . . of its defective or unsafe condition, but permits another to operate it, without warning him of the defect, is liable for injuries resulting from the defective condition; but he is not liable if the vehicle was operated without his knowledge or consent." 60A CJS 940, Motor Vehicles, § 430. The basis behind this law is that the owner of the vehicle owes no *duty* to the plaintiff in this type of situation. "The ideas of negligence and duty are strictly correlative, and there is no such thing as negligence in the abstract; negligence is simply neglect of some care which we are bound to exercise *toward somebody.* . . . It is not sufficient that there be a general duty to the public which is violated, but in all civil cases, the right to enforce such duty must reside in the individual injured because of a duty due him from his injurer, or he cannot recover." *Huckabee v. Grace,* 48 Ga. App. 621, 628, 630 (173 SE 744). "Proof of negligence in the air, so to speak, will not do." Pollock on Torts 361 (14th Ed. 1939).

The case of *Morden v. Mullins,* 115 Ga. App. 92 (3) (153 SE2d 629) is not contrary to the above authorities. It involved a jointly owned floating boat dock which, every night it sat in the water, was a hazard to navigation. This court held: "Both owners are liable as such for negligence in the maintenance of the property . . . where both knew and acquiesced in . . . leaving the float overnight in a navigable part of the lake, without lights or reflectors." The culpability of the co-owner (who had neither built nor sited the float) was allowing it to remain in the water. Clearly. the court

would not have sent the case to the jury if the evidence showed the co-owner had reasonably believed the float to be sitting harmlessly on dry land, regardless of its known defects.

Whatever liability there is for the plaintiff's injuries rests upon the alleged negligence of the other two defendants (Oliver and Honeycutt) whose invitation she accepted and with whom she rode on the ill-fated midnight jeep ride. Accountability lies with them, not with Lazarus.

The trial court was not in error in granting Lazarus' motion for summary judgment.

*Judgment affirmed. Jordan, P. J., Eberhardt, Pannell and Whitman, JJ., concur. Bell C. J., Deen, Quillian and Evans, JJ., dissent.*

DEEN, Judge, dissenting. The sole question to which this dissent addresses itself is the scope of the rule stated in the headnote of the majority opinion. It is true that a joint owner (or, more accurately, a tenant in common) of personalty is not liable for its negligent *use* by the co-tenant. It may well be true that where, by agreement or otherwise, the right to control the use of the property at a given time is solely within the control of one co-tenant, the other will not be liable where the injury results from defective maintenance of the property but the property is being used contrary to his instructions or without his knowledge by a third party not entitled to its use and control at that time, whether such other be a co-owner or not.

But in the absence of special circumstances it is always true that two persons who share the fee simple title to property are tenants in common and "[i]f from any cause a tenancy in common exists, each tenant is entitled to the possession of the property simultaneously, regardless of whether or not the interests are equal." *Fountain v. Davis,* 71 Ga. App. 1 (2) (29 SE2d 798). It follows that as a matter of law each tenant in common is chargeable with the knowledge that his co-tenant has a right to the possession and use of the property and has a concomitant duty to anticipate that his co-tenant may take possession of and use it at any time the property is available, regardless of whether he knows it is being used or not and regardless of whether he overtly consents to the particular time and place of use. Each co-tenant, of

course, has an equal duty to keep the property in repair during periods of anticipated use, from which it follows that each breaches that duty when the property is negligently maintained, and used in its defective condition.

This issue was decided in *Morden v. Mullins*, 115 Ga. App. 92 (3) (153 SE2d 629), where it was held that both owners were liable for negligence in maintaining a floating dock without lights where both acquiesced in a practice of leaving the dock at night within the navigable limits of a lake, although on the night in question the defendant appellant was not present and did not have actual knowledge that the dock was in the lake. Here, so far as appears from this motion, each of the defendant owners acquiesced in the other using the car at his convenience, and both were equally responsible for necessary repairs. The defect in the jeep on which the suit is based is that the right front seat in which the plaintiff was sitting was not securely anchored to the floorboard, that it tilted or "jumped" on a rough road and that it tended to throw her from the car. The plaintiff testified by deposition: "When I moved over to the passenger side the seat was not screwed down good, everytime we hit a bump I felt like I was going to be thrown in the back of the jeep, and Danny had his arm around me to keep me from falling back completely." The car slid into a telephone pole and the plaintiff was in fact ejected and thrown to the ground with such force that she was in a coma for two weeks and suffered a broken neck and paralysis of both arms and both legs. The vehicle was examined by a qualified engineer after the event, and his affidavit reads in part as follows: "I have personally examined the jeep stationwagon involved in the collision. . . . [It] had a front seat on the right-hand side which pivoted from the floor on a hing-like device which permitted the entire seat to swing forward. It is my opinion that the front seat on the right-hand side, in the manner and fashion in which it was affixed to the floorboard, was not securely enough fastened down. The forward pivoting of this seat at impact increases the force and speed with which an occupant would be thrown against the hard interior surfaces of the automobile. This seat mechanism increased the likelihood of an injury to the person in the automobile because of the tendency of such seat to move forward with any im-

pact that the automobile may have sustained. It is further my opinion that the instability of the seat would increase the likelihood of serious injury to any passenger on the right-hand side of the driver in the event that such automobile were involved in a collision."

As stated in Restatement, Torts, p. 445, § 878: "In some situations two or more persons have a duty to perform an act or remedy a condition. In such cases the performance of the duty by either relieves the other from liability. If the duty is not performed, each is liable for all the harm resulting from its breach. . . Thus the rule applies . . . to co-owners of any form of tangible things which do harm, such as joint tenants of a dangerously defective building which falls upon persons in the highway." In my opinion it applies equally to a dangerously defective seat of an automobile which ejects the plaintiff from the automobile, throws her to the ground and renders her a permanent cripple. Granting that Lazarus is not liable for the negligence of Oliver in his manner of driving the automobile so that it collided with the telephone pole, it cannot be said that the plaintiff would have sustained the serious and permanent injuries from which she suffers if she had not been thrown from the vehicle as she was due to the defective seat. The other passengers are not shown to have been injured. Whether or not the defective *maintenance* of the jeep, as opposed to its merely negligent operation, was a part of the proximate cause of the plaintiff's injuries is for the jury. If it was, the defendant Lazarus breached his personal duty, so long as the automobile was being operated, to maintain it in an operable condition.

In my understanding of the case, *Miles v. Harrison,* 223 Ga. 352 (155 SE2d 6) supports at least half of what is here said without in any manner controverting the other half. *Miles* holds that a negligent *use* of personalty by one of two co-owners will not cast liability upon the other. The proper *use* is the duty of the user or his agent. The *maintenance,* on the other hand is the duty of the owner, whether or not he is using the instrumentality at the time. Whether or not the negligent maintenance of the jeep by Lazarus and Honeycutt combined with the negligent operation of the vehicle by Oliver to cause this destruction should not be decided prior

to trial. "Ordinarily, questions of negligence, gross negligence, contributory negligence, and whose negligence was the proximate cause of an injury and related questions are for the jury alone . . . except in plain, palpable and indisputable cases." *Parker v. Johnson,* 97 Ga. App. 261 (1) (102 SE2d 917) and cit.