### 46042.   WALKER v. HALL.

JORDAN, Presiding Judge. This case is a sequel to *Walker v. Hall,* 122 Ga. App. 11 (176 SE2d 246). It was instituted by the father of the deceased as the alleged lawful claimant under the provisions of the wrongful death statutes. The defendant moved for summary judgment, submitting in support thereof proof of a

ceremonial marriage between Horashel Walker and Bernice Ivory on April 8, 1955. The plaintiff submitted no evidence, but stipulated at the hearing on the motion that Horashel Walker is the same person as Horatio Walker, his deceased son. He appeals from the grant of a summary judgment for the defendant. *Held:*

1. A defendant who has cast upon a plaintiff the burden of responding with evidence to create or preserve a genuine issue of fact is entitled to prevail by summary judgment in the absence of any rebuttal evidence. CPA, § 56 (e); *Code Ann.* § 81A-156 (e); *Scales v. Peevy,* 103 Ga. App. 42 (118 SE2d 193); *Morris v. Morris,* 121 Ga. App. 100 (172 SE2d 872); *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (3) (138 SE2d 580).

2. A marriage once shown to exist, nothing more appearing, is presumed to continue in existence until rebutted by proof of its dissolution. *Clark v. Cassidy,* 62 Ga. 407, 412; *Wilson v. Allen,* 108 Ga. 275 (33 SE 975); *Griffin v. Miller,* 29 Ga. App. 585 (116 SE 339). See *Code* §§ 38-113, 38-118; Green, Georgia Law of Evidence, p. 95, § 27. See also *Roberts v. Hill,* 81 Ga. App. 185 (2) (58 SE2d 465) and *McCluskey v. American Oil Co.,* 224 Ga. 253, 254 (161 SE2d 271).

3. Under the facts disclosed by the record it must be presumed that the son was married at the time of his death, and being survived by a wife, the father had no standing to prosecute a claim for his wrongful death.

*Judgment affirmed. Quillian and Evans, JJ., concur.*
ARGUED MARCH 3, 1971—DECIDED MARCH 10, 1971.

*Culpepper & Culpepper, S. M. Culpepper,* for appellant.
*Robert E. Lanyon, Martin, Snow, Grant & Napier, Cubbedge Snow,* for appellee.