47252. HABER v. GEORGIA POWER COMPANY et al.

STOLZ, Judge. This is an action for damages for personal injuries sustained by the plaintiff while a guest passenger in a 1970 Ford automobile, driven by the defendant driver, which struck a utility pole, which was located within a portion of a public road which had recently been widened and paved by defendant Fulton County and which pole was allegedly owned and negligently maintained by defendant Southern Bell Telephone & Telegraph Company "and/or" defendant Georgia Power Company. In their answers to the complaint, defendant Georgia Power Co. denied and defendant Southern Bell admitted, owning the pole in question. The defendant's sworn answers to the plaintiff's interrogatories affirmatively showed that the pole was owned and maintained by defendant Southern Bell and that defendant Georgia Power Co. was, as to the pole, a licensee of Southern Bell, under a contract whereby Georgia Power Co. is permitted to affix power lines and equipment to the upper portion thereof. The trial judge granted the motion for summary judgment of defendant Georgia Power Co., from which judgment the plaintiff appeals. *Held:*

Summary judgment "shall be rendered forthwith if the *pleadings,* depositions, *answers to interrogatories,* and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . ." (Emphasis supplied.) *Code Ann.* § 81A-156 (c) (Ga. L. 1966, pp. 609, 660, as amended). Even without regard to the authenticated copy of the agreement between defendants Georgia Power Co. and Southern Bell and the affidavit of the employee of Georgia Power Co. attached in support of its motion (which the plaintiff attacks on the ground of the failure to show the affiant's personal knowledge of the matters sworn to), the trial judge properly granted the motion based on the defendants' answers and their sworn answers to the

interrogatories. These affirmatively showed that the movant, as the grantee of an easement for the permissive use of the pole in question, was a licensee which, by definition, does not have either the status or the duties of an owner or occupier of land. *Chastain v. Atlanta Gas Light Co.,* 122 Ga. App. 90 (4f) (176 SE2d 487), citing *Donalson v. Ga. Power &c. Co.,* 175 Ga. 462 (165 SE 440). Nor is a contrary result demanded by provisions in the agreement, if it is to be considered, that the owner shall give the licensee reasonable notice to remove the licensee's attachments from poles which are to be replaced or removed, except in cases of emergency. The defendants' answers and their answers to the interrogatories, were not rebutted by the plaintiff and there is no allegation, showing, or presumption that the movant's attachments to the pole some 30 feet above the ground level contributed in any manner to the plaintiff's injuries, incurred while riding in the alleged passenger automobile. "A defendant who has cast upon a plaintiff the burden of responding with evidence to create or preserve a genuine issue of fact is entitled to prevail by summary judgment in the absence of any rebuttal evidence." *Walker v. Hall,* 123 Ga. App. 457 (1) (181 SE2d 508) and cit.

*Judgment affirmed. Bell, C. J., and Evans, J., concur. Evans, J., concurs specially.*

ARGUED MAY 23, 1972—DECIDED SEPTEMBER 5, 1972.

*Johnson, Harper, Daniel, Ward & Stanfield, Inslee M. Johnson, Jackson C. Floyd, Jr.,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, Ezra H. Cohen,* for appellee.

EVANS, Judge, concurring specially. The complaint in this case alleges in paragraphs 8 and 9 that Southern Bell Telephone & Telegraph Company *and/or* Georgia Power Company owned and maintained the pole in question. The term "and/or" is dealt with fully in *Shadden v. Cowan,* 213 Ga.

29 (2) (96 SE2d 608) where it is held that the term may be attacked in various ways, including *summary proceedings.* Also see *Ralls v. E. R. Taylor Auto Co.,* 202 Ga. 107, 108 (42 SE2d 446). The *Ralls* case states: "It is thus made plain that the expression is equivocal, uncertain, and not positive." P. 109. Despite the recent change in our law as to pleadings, which is that we are now under "notice pleadings," and the law as to summary judgments, which is that all doubts must be construed against the movant, still the complaint in the case sub judice fails to allege with certainty that Georgia Power Company owned or maintained the pole which gave rise to the present litigation. If a pleading does not "state a claim upon which relief can be granted" (*Code Ann.* § 81A-112 (b) (6)) it may be taken advantage of by motion for summary judgment. The motion for summary judgment in this case proceeds on the contention by Georgia Power Company that it has shown by evidence that it did not own or maintain the pole in question. This contention is aided by the language used in the complaint in paragraphs 8 and 9 as pointed out above.

I, therefore, reach the same result as is set forth in the majority opinion, to wit, that Georgia Power Company's motion for summary judgment was properly sustained by the lower court, and I feel that said result is reinforced by plaintiff's use of "and/or" in his complaint wherein he sought to allege Georgia Power Company's ownership and maintenance of the pole in question.