## 32151. BARTON et al. v. GAMMELL et al.

NICHOLS, Chief Justice.

Appellants appeal a declaratory judgment of the superior court which held that agreements executed ancillary to warranty deeds conveyed to the defendants easements in the plaintiffs' property.

We find merit in appellees' contention that this court lacks jurisdiction because the case is not one "respecting title to land" within the meaning of Art. VI, Sec. II, Par. IV (Code Ann. § 2-3704).

Cases respecting title to land within the meaning of Art. VI, Sec. II, Par. IV of the Constitution of Georgia are actions at law, such as ejectment where plaintiff asserts a

presently enforceable legal title for purposes of recovering possession from the defendant; they are not declaratory actions seeking judgment regarding use restrictions on land. *Reid v. Standard Oil Co. of Kentucky,* 218 Ga. 289 (127 SE2d 678) (1962).

In *Graham v. Tallent,* 235 Ga. 47 (218 SE2d 799) (1975), this court held that suits which must be brought in the county of the residence of the defendant are not "cases respecting title to land." "[A] suit by plaintiff seeking a rule nisi to require defendants to show cause why a non-judicial foreclosure proceeding should not be allowed to proceed (being in essence a suit for declaratory judgment that the foreclosure provisions of a security deed are enforceable) is a personal suit against the defendants which could only be maintained in their county of residence." Id. p. 50.

*Transferred to the Court of Appeals. Undercofler, P. J., Jordan, Ingram, Hall and Hill, JJ., concur.*

SUBMITTED APRIL 12, 1977 — DECIDED APRIL 20, 1977.

*Strickland & Costley, Charles D. Strickland,* for appellants.
*Campbell & Bouchillon, W. K. Campbell, George C. Gammell, James W. Lewis, Joyce A. Lewis,* for appellees.