## 55536. DANIEL et al. v. GEORGIA POWER COMPANY.

SHULMAN, Judge.

Plaintiffs' son fell to his death while hiking on certain property in Tallulah Gorge Park. Plaintiffs

brought suit against Moss Properties, Inc., as operator of the nature trail which was located on the property, and Georgia Power Company, as record title owner of the property, to recover damages attributable to their son's death. This appeal follows the grant of summary judgment in favor of Georgia Power. For the following reasons, we affirm the judgment.

1. The uncontradicted affidavits submitted on motion for summary judgment conclusively establish that no landlord-tenant relationship existed between Moss Properties and Georgia Power. Therefore, Code Ann. § 61-112 concerning the liability of a landlord to third persons is not applicable. See *McKenna v. Jordan,* 123 Ga. App. 801 (1) (182 SE2d 550).

2. Plaintiffs' right of recovery, if any, as established by the pleadings and evidence, is predicated on plaintiffs' ability to establish that a duty was owed by Georgia Power by reason of its being an "owner or occupier" of the property within the meaning of Code Ann. § 105-401 which provides:

"Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe."

The liability of Georgia Power, if any, is dependent on whether Georgia Power had any duty which might arise from " 'control of the property [or] . . . title thereto . . . [or] a superior right to possession of property which is in the possession or control of another.' [Cit.]" *Scheer v. Cliatt,* 133 Ga. App. 702 (2a) (212 SE2d 29).

A. Affidavits conclusively establish that Georgia Power did not actually control or operate the nature trail and property on which the fatality occurred. Georgia Power's activities relating to the property are limited to those concerning electrical generation and do not affect the nature trail. Exclusive actual control and operation of the nature trail was exercised by Moss Properties, Inc. Compare *Guthrie v. Monumental Properties,* 141 Ga. App. 21 (232 SE2d 369). Plaintiffs have failed to establish the breach of any duty owed by Georgia Power attributable to

its occupation, actual control of or operations on the property. Compare *Ga. Power Co. v. Leonard,* 187 Ga. 608 (1 SE2d 579) and *Central of Ga. R. Co. v. Lawley,* 33 Ga. App. 375 (2) (126 SE 273). Summary judgment as to this issue was proper. See *Chastain v. Atlanta Gas Light Co.,* 122 Ga. App. 90 (4f, g) (176 SE2d 487); *Haber v. Ga. Power Co.,* 127 Ga. App. 19 (192 SE2d 436).

B. While legal conclusions as to ownership contained in the affidavits will not support the grant of summary judgment *(Smith v. Gibbs,* 145 Ga. App. 647), the warranty deed to the property in question is properly before us. See *Green v. Wright,* 225 Ga. 25 (1) (165 SE2d 843).

The legal rights and interests conveyed by the document will determine whether Georgia Power is an owner of the property and therefore potentially subject to liability under Code Ann. § 105-401.

3. The fact that a decision in the instant case will require construction of a deed will not deprive this court of jurisdiction where jurisdiction is otherwise proper. *Kinnon v. Mercer,* 222 Ga. 309 (149 SE2d 685). See generally *Barton v. Gammell,* 238 Ga. 643 (235 SE2d 18). Based on this authority, we therefore consider the issue of ownership of the realty on which the injury allegedly occurred.

4. The deed under which Georgia Power, as successor in interest to the grantee, claims an easement and not title in fee simple is in all respects and form a warranty deed. For the substantial sum of $100,000, the deed dated November 2, 1909, purports to convey the property absolutely and in fee to the grantee subject to certain express reservations. The express reservations in the grantor included use of then existing structures on the property and use of the land not necessary for the grantee's purposes, with the right to rebuild, remove, remodel, repair and improve structures; the right to use, occupy and enjoy the same; and to lease, rent, sell, convey or transfer any and all rights so long as such acts are not inconsistent with or do not interfere with the power company's rights to use the property for certain activities associated with electrical generation. These reservations created an interest in the nature of a defeasible easement.

See *Featherston Mining Co. v. Young,* 118 Ga. 564 (3) (45 SE 414); *O'Barr v. Duncan,* 187 Ga. 642 (4) (2 SE2d 82).

The evidence in support of the motion for summary judgment on behalf of Georgia Power and Moss Properties conclusively establishes that the grantor and its successors in interest, i.e., Moss Properties, have remained in possession of the lands, undisturbed by the grantee for more than 35 years. The possession, however, was not shown to be inconsistent with ownership by Georgia Power.

That Georgia Power did not choose to exercise certain rights of ownership under this deed will not defeat its title. See *Woods v. Flanders,* 180 Ga. 835 (1) (181 SE 83).

Georgia Power's predecessor in interest had substantial rights in the property, including the right to remove or relocate buildings of the occupant when necessary for the development and use of the property for purposes associated with electrical generation.

"What is the test by which we determine whether a deed creates an easement in, or conveys title to, land? The crucial test is the intention of the parties. In arriving at this intention we must look to the whole deed, and not merely upon disjointed parts of it. The recitals in the deed, the contract, the subject-matter, the object, purpose, and the nature of restrictions or limitations, and the attendant facts and circumstances of the parties at the time of making the deed are to be considered. [Cits.] The consideration of the deed under consideration was the substantial sum of [$100,000]. In this respect it differs from conveyances to railroad companies of rights of way based upon nominal considerations. . . It is true that the warranty clause in this deed, and the words in the tenendum clause, '. . . in fee simple,' do not demand the construction that this deed conveys the title to this land, and not a mere easement therein, to the grantee. *Bale v. Todd,* 123 Ga. 99 (2) (50 SE 990); *A., B. & A. R. Co. v. Coffee County,* [152 Ga. 432 (110 SE 214)]. But the warranty clause and the phrase '. . . in fee simple' are potent, when considered in connection with the other terms of this deed, in inducing us to hold that this deed

conveyed the title to this ... land to the grantee." *Johnson v. Valdosta &c. R. Co.,* 169 Ga. 559, 563 (150 SE 845). Accord, *DOT v. Knight,* 238 Ga. 225 (232 SE2d 72).

5. The determination that Georgia Power is the fee owner of the realty on which the nature trail is located does not end our inquiry as to the propriety of the summary judgment against plaintiffs-appellants. The ultimate issue remains for consideration: the liability of the landowner to persons injured by reason of the operation of an easement situated on the landowner's property.

"There is no liability from ownership alone, [cits.], or from joint ownership, [cit.], or from cotenancy, [cit.]. It must appear that the injury resulted from a breach of some duty owed by the defendant to the injured party." *Slaughter v. Slaughter,* 122 Ga. App. 374, 376 (177 SE2d 119).

In a co-ownership situation where an owner does not actually control the activities of the co-owner/occupier, the right to control evidenced by bare record title ownership is sufficient to establish liability for the occupier's conduct. See *Lansky v. Goldstein,* 141 Ga. App. 345 (2) (233 SE2d 437); *Morden v. Mullins,* 115 Ga. App. 92 (3) (153 SE2d 629).

There is no co-ownership involved in the instant case. The right to control must be established where the landowner is sought to be held liable for activities of a third person on the property with permission. Title ownership alone is not sufficient. "[L]iability depends upon control, rather than ownership, of the premises." 38 AmJur 753, Negligence, § 94. See also 62 AmJur2d 241, Premises Liability, § 12; 65 CJS 1042, 1044, Negligence, § 92(a).

6. Under the deed, the power company had no right to control the activities of Moss Properties relating to the location, construction, maintenance, or manner or method of operation of the nature trail as long as the nature trail did not interfere with the power company's rights. As to the nature trail, the power company had no right to inspect, enter or make improvements. The undisputed facts show that the operation of the nature trail did not

interfere with the company's rights. In effect, Moss Properties was in absolute control of the nature trail, exercising all and every dominion over the same as an owner. Moss Properties was not acting on the property for Georgia Power's benefit. Georgia Power was not present on the property or aware of alleged dangerous conditions.

Accordingly, under these circumstances, Georgia Power owed no duty to the injured party. Dunbar v. Charleston & W. C. R. Co., 211 S. C. 209 (44 SE2d 314); Smith v. Terminal R. Assn. of St. Louis (Mo. App. 1942) (160 SW2d 476).

7. Because plaintiffs-appellants failed to show any duty owing to the injured party by Georgia Power, either as an owner or occupier within the meaning of Code Ann. § 105-401, summary judgment in favor of Georgia Power was proper.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED FEBRUARY 28, 1978 — DECIDED JUNE 20, 1978 — REHEARING DENIED JULY 10, 1978 —

*George W. Hart, Hugh Lawson, J. Johnson Hall, Michael G. Frick,* for appellant.

*Smith, Smith & Frost, R. Wilson Smith, Jr., John H. Smith,* for appellee.