## A91A1003. BEAVERS v. MOORE et al.
(408 SE2d 124)

McMURRAY, Presiding Judge.

This Court granted an interlocutory appeal in this slip and fall case to determine whether the trial court erred in denying defendant landlord's motion for summary judgment.

Patricia Moore and her husband Hugh Moore brought this slip and fall case against Albert J. Patron, d/b/a Unclaimed Freight, and Edward E. Beavers, a/k/a E. E. Beavers, d/b/a Beavers Realty & Insurance Company. Mrs. Moore sought damages for injuries which she suffered when she fell in a furniture store; Mr. Moore sought damages for loss of consortium.

The premises were composed of two adjoining offices. Beavers was the landlord of the premises. Patron was the tenant. Before Patron occupied the premises, the offices remained separate. To accommodate Patron's business, however, Beavers joined the two offices together. The doorway connecting the two former offices was not level. In fact, there was a six-inch difference in floor levels.

Pursuant to the lease between Beavers and Patron, Patron retained exclusive possession and control of the premises. Patron placed warning signs on either side of the doorway between the two former offices. He also marked the threshold between the two former offices with yellow tape. Nevertheless, Mrs. Moore did not notice the "step down" and as she made her way between the two former offices, she fell.

Beavers moved for summary judgment on two theories. He contended he cannot be held liable because (1) he did not maintain control of the premises and (2) plaintiff failed to observe an obvious condition. The trial court denied Beavers' motion but certified its ruling for immediate review and this Court granted an interlocutory appeal. Held:

We conclude that defendant landlord cannot be deemed liable to plaintiffs as a matter of law. Beavers cannot be held liable simply because he owned the premises since he did not actually control the premises. Daniel v. Ga. Power Co., 146 Ga. App. 596, 600 (5) (247 SE2d 139). Moreover, it cannot be said that Beavers was negligent in

joining the two offices with different floor levels. " '[A] variation of level in buildings, amounting to only a few inches (4 to 6 inches shown in adjudicated cases), constitutes a common method of construction, and does not of itself render it defective or negligent. (Citations.)' " *Herschel McDaniel Funeral Home v. Hines*, 124 Ga. App. 47, 48 (183 SE2d 7). Thus, whether or not Mrs. Moore exercised reasonable care for her own safety, Beavers cannot be deemed liable. The trial court should have granted Beavers' motion for summary judgment.

*Judgment reversed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JUNE 18, 1991 —
RECONSIDERATION DENIED JULY 3, 1991.

*Downey, Cleveland, Parker & Williams, Y. Kevin Williams, M. Allen McDuffie*, for appellant.
*Bert W. Cohen, Hollingsworth & Associates, Jason T. Schneider*, for appellees.