# Court of Appeals
# of the State of Georgia

ATLANTA,   January 26, 2016

*The Court of Appeals hereby passes the following order:*

**A15A1656.  WALKER et al. v. HUIE.**

Patricia Huie owns a 7.082-acre tract of property located at 1043 Reeves Station Road in Calhoun, Georgia, which she acquired via deeds in 1997 and 2011. Jerry Ellis and Glenda Walker (collectively "defendants") own a 170-acre tract of property located immediately to the north of Huie's property, which they acquired in 2001. A right of way owned by Norfolk Southern Railway constitutes the eastern boundary of both properties. The only means of access to defendants' property is a gravel driveway, which begins at Reeves Station Road within the Norfolk Southern right of way, then veers into Huie's property, and runs north for approximately 570 feet to the southern boundary of defendants' property.

Initially, after acquiring title to their respective tracts of property, both parties used the driveway without incident. But at some point, Huie learned that the defendants claimed ownership of the driveway and intended to expand it to accommodate larger vehicles. Consequently, in 2011, Huie filed a lawsuit against the defendants, seeking, *inter alia*, a declaratory judgment that her title included ownership of the driveway and that defendants only possessed a right to its use. The defendants filed an answer, claiming that their title included ownership of the driveway. An evidentiary hearing was held, after which the trial court issued an order declaring that Huie held title to the driveway subject to defendants' easement. Shortly thereafter, the court held a second hearing, after which it defined the scope of defendants' easement and ordered the defendants to pay Huie damages for the relocation of the southernmost portion of the driveway so that its origin at Reeves Station Road would no longer be on the Norfolk Southern right of way.

The defendants have now appealed the trial court's rulings to this Court. However, because this is a case "involving title to land" it falls within the jurisdiction of the Supreme Court of Georgia. *See* Ga. Const. Art. VI, § VI, ¶ III. Indeed, the trial court's focus during the evidentiary hearing was to determine whether Huie or the defendants' chain of title, both of which originated from a common grantor who acquired the subject tracts in 1912 and 1913, respectively, included the disputed driveway. *See, e.g.*, *Mathews v. Cloud*, 294 Ga. 415, 415-17 (1) (754 SE2d 70) (2014) (determining an award of title when estate owner brought declaratory judgment action against heirs of adjoining landowner). And although the trial court ultimately determined that the defendants possessed a right to use the disputed driveway, this ruling was merely derivative of the trial court's initial resolution of the title dispute in favor of Huie. *Compare Barton v. Gammell*, 238 Ga. 643 (235 SE2d 18) (1977) (transferring case to the Court of Appeals in light of the fact parties' dispute focused on use restrictions regarding property owned by plaintiff). Accordingly, we hereby order that this case be transferred to the Supreme Court of Georgia.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,*   01/26/2016  
       *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

       *Stephen E. Castlen*     *, Clerk.*