53116, 53117. LANSKY et al. v. GOLDSTEIN et al.; and vice versa.

STOLZ, Judge.

The appellees sued the appellants for injuries to appellee Minnie Goldstein which were sustained upon property owned of record by both the Borgh and Lansky appellants and managed solely by Lansky. The only issues for trial dealt with the amount of damages suffered by the appellees and with whether Borgh had ownership or control of the building in question. At the trial the appellants attempted to prove that record title was in error and that, although no deed existed, Borgh had sold his interest to Lansky before Minnie Goldstein's accident. The appellants now appeal from a jury verdict in favor of the appellees.

1. The appellants allege that the trial court erred in denying their motion for a severance of the trial as to damages and ownership, operation, and control. As a general rule, severance vel non is a matter of discretion for the trial judge. CPA § 42 (b), Code Ann. § 81A-142 (b) (Ga. L. 1966, pp. 609, 654); *Chrysler Credit Corp. v. Barnes,* 126 Ga. App. 444 (3) (191 SE2d 121) (1972); *Southern Concrete Co. v. Carter Const. Co.,* 121 Ga. App. 573 (3) (174 SE2d 447) (1970). Since the instant case contained only two simple issues of fact, there was no abuse of discretion in the court's decision not to sever those issues. "We do not view the claim of possible confusion or of prejudice in trying the whole matter here before a jury to be meritorious. The claims are not

complicated, nor are the parties too numerous to enable the jury to 'keep the record straight' as the evidence is introduced." *Southern Concrete Co. v. Carter Const. Co.,* supra, p. 575.

2. The majority of the appellants' enumerations of error deal with jury charges, denials of motions to dismiss, sustained objections to testimony, etc., all of which enumerations are meritless due to a basic flaw in the appellants' legal theory in connection with the instant case. Simply stated, the appellants contend that, although record title to the property in question was held by both Borgh and Lansky until long after this litigation had begun, the intentions of Borgh and Lansky that only Lansky own and control the property would release Borgh from liability to the appellees. However, the mere intentions of the record owners can not contradict public record so as to harm an innocent third party. *Pope v. U. S. Fidelity &c. Co.,* 200 Ga. 69 (1) (35 SE2d 899) (1945).

3. Finally, two of the appellants' enumerations of error dealt with their contention that the appellees were required to prove ownership *and* (not "or") control of the property in issue. However, ownership alone is sufficient to render a co-owner liable for the tortious injury of a third party. "Co-owners or tenants in common owe to third persons a duty to exercise ordinary care in maintaining their property in such manner as to avoid injury to third persons, and this is true although the actual management of the property is by agreement vested exclusively in one of the owners. Restatement, Torts, § 878." *Morden v. Mullins,* 115 Ga. App. 92 (3) (153 SE2d 629) (1967).

The fact that an order of the court below opening default gave the appellants permission to raise "the defense of lack of ownership, operation and control" does not require the conclusion that the appellees had the burden of proving ownership, operation, *and* control of the premises. In fact, the court's order implies that the appellants would have to defend successfully against all three elements to be found not liable. Proof of ownership alone is sufficient to establish liability.

4. Because of our holdings above, it is unnecessary to consider the points raised in the appellees' cross appeal.

*Judgment affirmed. Quillian, P. J., and Shulman,*

*J., concur.*

ARGUED JANUARY 10, 1977 — DECIDED FEBRUARY 2, 1977 — CASE NO. 53116 REHEARING DENIED FEBRUARY 23, 1977 —

A. Ed Lane, Robert J. NeSmith, J. Max Davis, for appellants.
Louis C. Parker, III, Alan E. Serby, for appellees.