## A02A1630. FERGUSON v. CARVER.
### (572 SE2d 700)

MIKELL, Judge.

Kenneth Carver filed a personal injury action against Shanterian Ferguson to recover damages for injuries he sustained in an automobile collision with her on November 11, 1996. On two separate occasions, Carver moved to consolidate the instant action with a subsequent personal injury suit that he filed, which arose from an automobile collision with Joyce Youngblood on May 28, 1998. Ferguson objected to both motions to consolidate. Carver then moved to add Youngblood as a party to the instant action, arguing that his preexisting injuries from his accident with Ferguson were aggravated by the subsequent accident with Youngblood, and that his injuries were indivisible. The trial court granted Carver's motion. Ferguson contends that the trial court erred by: (1) concluding that Ferguson and

Youngblood were joint tortfeasors; (2) finding that the two accidents constituted a "series of occurrences" under OCGA § 9-11-20 (a), authorizing joinder; and (3) improperly relying on a statement from Ferguson's portion of the pretrial order. Based on our finding that the trial court abused its discretion,[1] we reverse.

1. The matters raised in Ferguson's first two enumerations of error are controlled by *Brinks, Inc. v. Robinson*,[2] which is factually indistinguishable from the case sub judice. In *Brinks*, a jury awarded the plaintiff damages for injuries she sustained in two separate collisions, one of which occurred on December 31, 1990, and the other on April 29, 1991. Like Carver, the *Brinks* plaintiff argued that the two defendants "were joint tortfeasors because their actions combined to produce a single indivisible injury."[3] The trial court denied the defendant's motion to sever based upon misjoinder of parties. We reversed, holding that

> these defendants were not joint, but successive tortfeasors. The defendants did not act in concert, the acts of negligence involved were separated by several months, and the plaintiff did not suffer an indivisible injury. Plaintiff having survived the separate wounds inflicted upon her, a basis for division exists and no matter how difficult the proof may be, the torts are several. The two separate accidents are insufficiently connected to constitute a "series of occurrences" giving rise to plaintiff's claims.[4]

Similarly here, Ferguson and Youngblood did not act in concert. Their alleged acts of negligence were separated by more than 18 months, and Carver survived the injuries he sustained in both accidents. Accordingly, no departure from our holding in *Brinks* is warranted.

Carver's reliance on *Gilson v. Mitchell*[5] is misplaced. In *Brinks*, we discussed the inapplicability of *Gilson* in these types of cases, stating that in *Gilson*,

> separate acts of negligence by three doctors . . . converged in the harm of subjecting the plaintiff to unnecessary medical procedures and mental distress, thus constituting a "series of occurrences." In the case sub judice, however, the

---

[1] *Vitner v. Funk,* 182 Ga. App. 39, 40 (1) (354 SE2d 666) (1987).
[2] 215 Ga. App. 865 (452 SE2d 788) (1994).
[3] Id. at 865 (1).
[4] (Citations omitted.) Id. at 866 (1).
[5] 131 Ga. App. 321 (205 SE2d 421) (1974), aff'd, *Mitchell v. Gilson*, 233 Ga. 453 (211 SE2d 744) (1975).

plaintiff was involved in separate accidents four months apart involving different vehicles, and different circumstances. The alleged acts of negligence by [the defendants] are not sufficiently connected to constitute a "series of occurrences" within the meaning of OCGA § 9-11-20 (a).[6]

Pursuant to *Brinks*,[7] Ferguson and Youngblood are not joint tortfeasors, and the separate accidents were not sufficiently connected to constitute a series of occurrences.[8] Accordingly, we conclude that the trial court abused its discretion by granting Carver's motion to add Youngblood as a party.

2. In its order, the trial court wrote: "Furthermore, the court notes that Defendant's Motion to Amend the Pre-Trial Order and Supporting Brief stated that the Defendant and Joyce Youngblood are joint tortfeasors due to the fact that their acts of omissions together produced a single injury to the Plaintiff." Ferguson argues that the trial court erred in relying on her statement because it was not an admission in judicio, and it was withdrawn on October 10, 2001, before the court ruled on Carver's motion to add a party on January 16, 2002. We agree.

To constitute an admission in judicio that binds the party and upon withdrawal by amendment becomes an admission against interest, it must constitute an admission of fact or of the existence of a legal relationship. An admission in judicio applies only to the admission of fact and does not apply where the admission is merely the opinion or conclusion of the pleader as to law or fact. Thus, allegations which are conclusory, or which assert mere opinions of the pleader are not admissions in judicio. There may be an admission in judicio as to the existence of a legal relationship between the parties, but not concerning the effect of such relationship, as this would be a legal conclusion. (Cit.) The rule pertaining to admissions in pleadings or other admissions in judicio are not applicable where the admission is merely the opinion on the part of the party making it as to the legal effect.[9]

---

[6] (Emphasis omitted.) *Brinks*, supra at 866-867 (1).

[7] Supra.

[8] Accord *Smith v. Curtis*, 226 Ga. App. 470, 472 (2) (486 SE2d 699) (1997) (two separate accidents occurring a year apart are not sufficiently connected to constitute a series of occurrences, and the allegedly negligent drivers are not joint tortfeasors and do not bear the burden of proving apportionment of damages).

[9] (Punctuation omitted.) *Wahnschaff v. Erdman*, 232 Ga. App. 77, 79-80 (2) (502 SE2d 246) (1998), citing *Howell Mill/Collier Assoc. v. Pennypacker's, Inc.*, 194 Ga. App. 169, 172 (2) (390 SE2d 257) (1990).

In *Wahnschaff v. Erdman*,[10] the alleged admission in judicio pertained to the defendant's admission in his answer that a car involved in an accident was provided pursuant to the family purpose doctrine.[11] Years later, but before the entry of a pretrial order, the defendant amended his answer to deny the applicability of the family purpose doctrine.[12] We held that the alleged admission in judicio was an opinion or conclusion of the pleader as to law and not of fact. "Therefore, the admission could not be an admission in judicio and could not be an admission against interest, because it was a legal opinion or conclusion that had been withdrawn by amendment from the pleadings."[13] Similarly here, the statement that Ferguson and Youngblood were joint tortfeasors was a legal opinion that had been withdrawn from the pleadings. Thus, it has no probative value and should not be relied upon by the trial court.[14]

*Judgment reversed. Andrews, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 10, 2002.

*Downey & Cleveland, Sean L. Hynes*, for appellant.
*Hasty, Pope & Ball, Jonathan A. Pope, M. Thomas Pope III*, for appellee.

