A08A0982. PARKS et al. v. HYUNDAI MOTOR AMERICA, INC. et al.

(668 SE2d 554)

ANDREWS, Judge.

Cedric J. Parks, Jr., age five, died as a result of injuries he suffered while riding as a passenger in a 1989 Hyundai Excel automobile which was struck head-on by another automobile. The child's parents, Peggy and Cedric Parks, brought a product liability and wrongful death action against Hyundai Motor America, Inc. and Hyundai Motor Company (jointly referred to as Hyundai).[1] The action, which included claims based on negligence, strict liability, and failure to warn, alleged that the center rear passenger seat in the Excel, where the child was seated and wearing the seat belt at the time of the accident, had a defective seat belt system which did not properly restrain the child in the accident and which caused or contributed to the child's death.[2] The Parkses appeal from the trial court's grant of partial summary judgment in favor of Hyundai. For the following reasons, we affirm.

1. Hyundai moved for partial summary judgment on the basis that the Parkses' product liability action under state law was impliedly preempted in part by Federal Motor Vehicle Safety Standard (FMVSS) 208 promulgated by the National Highway Traffic Safety Administration (NHTSA) under the National Traffic and Motor Vehicle Safety Act of 1966 (the Safety Act). The purpose of the Safety Act is to reduce injuries and deaths from automobile accidents by promoting safer automobile design, and FMVSS 208 advances that purpose by specifying crash worthiness requirements to protect

---

[1] Peggy Parks also brought the action acting as the administratrix of the child's estate.
[2] We previously addressed this case and a companion case in *Parks v. Hyundai Motor America*, 258 Ga. App. 876 (575 SE2d 673) (2002).

automobile occupants involved in accidents. *Gentry v. Volkswagen of America*, 238 Ga. App. 785, 788-789 (521 SE2d 13) (1999). It is undisputed that the version of FMVSS 208 applicable to the 1989 Excel required Hyundai to choose between options of installing a passenger restraint system for the center rear seat with either a lap-only seat belt design or a design with a lap belt and a shoulder belt. It is also undisputed that Hyundai complied with FMVSS 208 by choosing to install a lap-only seat belt for the center rear seat. Based on these facts, we find that, because Hyundai installed one of the passenger restraint system options required by FMVSS 208 — the lap-only seat belt — the trial court correctly ruled that FMVSS 208 impliedly preempted the Parkses' action to the extent it claimed the Excel was defective under state law because it had a lap-only seat belt instead of a lap/shoulder seat belt or some other type of passenger seat restraint.

Under Article VI, Clause 2 of the United States Constitution (the Supremacy Clause), rights created by Congress in treaties, statutes, or regulations have priority when they conflict with state law. Even though the Safety Act under which FMVSS 208 was promulgated did not expressly state the extent to which it preempted the state law claims at issue, where Congress has not expressly defined the extent to which its enactment preempts state law, Congressional intent to impliedly preempt state law can be found when there is an "actual conflict" between state and federal law. *Geier v. American Honda Motor Co.*, 529 U. S. 861, 868-874 (120 SC 1913, 146 LE2d 914) (2000). An "actual conflict" supporting implied preemption exists when the state law "prevent[s] or frustrate[s] the accomplishment of a federal objective" or "make[s] it 'impossible' for private parties to comply with both state and federal law." Id. at 873. The regulatory and rulemaking history of FMVSS 208 shows a comprehensive regulatory scheme in which the NHTSA considered technological constraints, child safety concerns, and cost efficiency issues applicable to restraint systems in the rear center seat and adopted a policy that expressly required Hyundai to choose between installing a lap-only seat belt or a lap/shoulder seat belt in the rear center seat of the 1989 Excel. See *Carden v. Gen. Motors Corp.*, 509 F3d 227, 231-232 (5th Cir. 2007) (discussing the history of FMVSS 208 as it relates to restraints in the rear center seat position during the period applicable to the 1989 Excel in the present case); *Roland v. Gen. Motors Corp.*, 881 NE2d 722 (Ind. App. 2008). Any action by the Parkses that seeks to impose liability on Hyundai for choosing to install a lap-only seat belt authorized by FMVSS 208 conflicts with and frustrates the policy of the Safety Act and is preempted. *Carden*, 509 F3d at 230-232; *Griffith v. Gen. Motors Corp.*, 303 F3d 1276-1282 (11th Cir. 2002). It follows that FMVSS 208 preempted: (1) any claim

that the 1989 Excel was defective under state law (whether characterized by the Parkses as based on negligence or strict liability) because Hyundai failed to install a lap/shoulder seat belt or some other restraint system as an alternative to the lap-only seat belt, and (2) any claim that Hyundai failed to warn about a danger resulting from a preempted claim. Id.

There is no merit to the Parkses' claim that they are entitled under *Banks v. ICI Americas*, 264 Ga. 732 (450 SE2d 671) (1994) to produce evidence of alternative passenger restraint designs that Hyundai could have used instead of the lap-only seat belt to make the Excel safer. The risk-utility analysis adopted in *Banks* for product liability design defect claims requires evidence of "the reasonableness of selecting from among alternative product designs and adopting the safest feasible one." *Jones v. NordicTrack, Inc.*, 274 Ga. 115, 118 (550 SE2d 101) (2001). But the analysis adopted in *Banks* is not an exception to the Supremacy Clause and provides no basis for the Parkses to introduce evidence to advance claims preempted by FMVSS 208. *Gentry*, 238 Ga. App. at 786-788. Contrary to the Parkses' contention, the trial court did not err by explaining in its summary judgment order that the preemptive effect of FMVSS 208 would preclude them from offering evidence concerning the alternative of installing a lap/shoulder seat belt in the rear center seat; evidence comparing the operation of a lap-only belt to a lap/shoulder belt in the accident, or evidence showing that a lap/shoulder belt would have reduced or eliminated the injuries at issue. As the trial court recognized in the order, unless Hyundai subsequently "opened the door" to or otherwise invited the introduction of this type of evidence at trial (as we found in *Volkswagen of America v. Gentry*, 254 Ga. App. 888, 889-891 (564 SE2d 733) (2002)), its only purpose in this case would be to directly or indirectly advance a preempted claim. While so ruling, the trial court's order nevertheless made clear that FMVSS 208 did not preempt the Parkses' claim that the specific design of the lap-only seat belt system installed by Hyundai was defective. *Gentry*, 238 Ga. App. at 787-789; *Gentry*, 254 Ga. App. at 888-890.

The trial court correctly granted summary judgment in favor of Hyundai to the extent the Parkses' claims were preempted. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

2. Hyundai also moved for summary judgment on the basis that the claims asserted by the Parkses were barred by the ten-year statute of repose applicable to product liability claims in OCGA § 51-1-11 (b) (2) which provides:

> No action shall be commenced pursuant to this subsection with respect to an injury after ten years from the date

of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury.

The 1989 Hyundai Excel at issue was assembled as an automobile on October 19, 1988, and on January 14, 1989, the first retail owner and user of the automobile bought it new from a Hyundai dealership. Because the statute of repose commenced to run from the date the Excel was bought for use by the first retail owner on January 14, 1989, it is undisputed that the ten-year repose period had expired when the Parkses filed their complaint on December 30, 1999. *Pafford v. Biomet*, 264 Ga. 540, 542-543 (448 SE2d 347) (1994).

In the first appearance of this case before this Court, we recognized the general bar of the ten-year repose period for claims asserted by the Parkses based in strict liability and negligence. *Parks*, 258 Ga. App. at 882. Nevertheless, the Parkses contend that subsequent discovery conducted in the case shows that an exception to the statute of repose set forth in OCGA § 51-1-11 (c) applies to their nonpreempted negligence-based action that Hyundai's specific design of the lap-only seat belt was defective. Subsection (c) of OCGA § 51-1-11 provides:

> The limitation of paragraph (2) of subsection (b) of this Code section regarding bringing an action within ten years from the date of the first sale for use or consumption of personal property shall also apply to the commencement of an action claiming negligence of a manufacturer as the basis of liability, except an action seeking to recover from a manufacturer for injuries or damages arising out of the negligence of such manufacturer in manufacturing products which cause a disease or birth defect, or arising out of conduct which manifests a willful, reckless, or wanton disregard for life or property. Nothing contained in this subsection shall relieve a manufacturer from the duty to warn of a danger arising from use of a product once that danger becomes known to the manufacturer.

According to the Parkses, the ten-year repose period does not bar their action with respect to Hyundai's specific design of the lap-only seat belt because this claim arises out of conduct by Hyundai which manifests "a willful, reckless, or wanton disregard for life or property." As support for this claim, the Parkses contend that, in response to discovery, Hyundai produced materials which showed "numerous complaints and accidents" concerning similar Hyundai Excels manufactured from 1987-1989 which were involved in similar accidents resulting in injuries and defect allegations similar to those

in the present case. The Parkses contend that these materials were admissible evidence of other similar incidents sufficient to show that Hyundai was aware when it manufactured the 1989 Excel that the design of the rear seat belts was defective, and that Hyundai's failure to correct the design defect was conduct manifesting a wilful, reckless, or wanton disregard for life or property.

> In products liability cases, the "rule of substantial similarity" prohibits the admission into evidence of other transactions, occurrences, or claims unless the proponent first shows that there is a "substantial similarity" between the other transactions, occurrences, or claims and the claim at issue in the litigation. The showing of substantial similarity must include a showing of similarity as to causation.

*Cooper Tire &c. Co. v. Crosby*, 273 Ga. 454, 455 (543 SE2d 21) (2001). Once Hyundai produced evidence on summary judgment establishing the bar of the ten-year statute of repose, the burden of production shifted to the Parkses to produce some admissible evidence in support of the exception to the bar that they relied upon. See *Dixon Dairy Farms v. Conagra Feed Co.*, 239 Ga. App. 233-234 (519 SE2d 729) (1999). Because the Parkses simply argued that allegations in other complaints or occurrences made them substantially similar to their claim, but failed to make the required foundational showing of substantial similarity, we find that the Parkses failed to produce any evidence sufficient to create an issue of fact as to the bar of the ten-year statute of repose. See *Crosby*, 273 Ga. at 455-457; *Ray v. Ford Motor Co.*, 237 Ga. App. 316, 317-319 (514 SE2d 227) (1999); *Dalton v. City of Marietta*, 280 Ga. App. 202, 204 (633 SE2d 552) (2006) (on summary judgment trial court considers material that would be admissible at trial). Because there was no evidence sufficient to show that Hyundai's conduct manifested a wilful, reckless, or wanton disregard for life or property, the trial court correctly found that the exception in OCGA § 51-1-11 (c) did not apply and correctly granted summary judgment in favor of Hyundai based on the expiration of the ten-year statute of repose.[3] *Lau's Corp.*, 261 Ga. at 491; OCGA § 9-11-56.

*Judgment affirmed. Ruffin, P. J., and Bernes, J., concur.*

---

[3] The trial court refused to grant summary judgment under OCGA § 51-1-11 (b) (2) as to the Parkses' claim for negligent failure to warn. OCGA § 51-1-11 (c) (excluding this claim from the operation of the ten-year statute of repose); *Chrysler Corp. v. Batten*, 264 Ga. 723, 727 (450 SE2d 208) (1994).

DECIDED OCTOBER 20, 2008.

*Rita T. Williams*, for appellants.

*McKenna, Long & Aldridge, Charles K. Reed, James B. Manley, Jr., Jill C. Kuhn, Harrison & Harrison, Stephen P. Harrison*, for appellees.