**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS***
***COURT. ALL FILINGS MUST BE SUBMITTED WITHIN***
***THE TIMES SET BY OUR COURT RULES.***

**November 1, 2021**

# In the Court of Appeals of Georgia

A21A0777. MALLARD v. METROPOLITAN ATLANTA RAPID
    TRANSIT AUTHORITY.

DOYLE, Presiding Judge.

In this tort action, Kendra Mallard appeals a DeKalb County State Court order severing some of her claims and transferring them to Fulton County Superior Court.[1] For the reasons that follow, we reverse.

The record shows that in May 2016, Mallard filed in DeKalb County State Court a complaint for damages against Metropolitan Atlanta Rapid Transit Authority ("MARTA"), DeAngelo Bryant, and Khary Scipio, after Bryant abducted Mallard from the Kensington Road MARTA station[2] and raped her, and Scipio took her

---

[1] After issuing its order, the trial court issued a certificate of immediate review and this Court granted Mallard's application for interlocutory appeal.

[2] It is undisputed that the Kensington station is located in DeKalb County.

possessions from the MARTA station premises after they were dropped during her abduction. In her complaint, Mallard acknowledged that the General Assembly fixed venue for suits against MARTA in Fulton County Superior Court.[3] Mallard, however, alleged that venue and personal jurisdiction over MARTA and Bryant (a Fulton County resident) were proper in the DeKalb County State Court because MARTA was jointly and severally liable for the damages she sustained from the actions of Scipio (a DeKalb County resident).[4]

In June 2016, MARTA answered, "admit-[ing], for the purpose of this litigation only, that jurisdiction and venue are proper." Confusingly, in the affirmative defenses section of its answer, MARTA posed that "[v]enue may be improper," and "[t]his Court may like [sic] personal jurisdiction over Defendant by virtue of venue being improper." There is no indication in the record that Bryant or Scipio have answered or that Bryant has contested venue.

---

[3] See Ga. L. 1965, pp. 2243, 2265, § 10 (t). An exception for actions concerning scheduled services and charges is inapplicable here. See Ga. L. 1965, pp. 2243, 2265, § 10 (t), cross-referencing Ga. L. 1965, pp. 2243, 2257, § 9 (c).

[4] See *Glover v. Donaldson*, 243 Ga. 479, 479, 483 (254 SE2d 857) (1979) ("The General Assembly may fix the residence of MARTA for venue purposes when it is sued alone . . . , but the Constitution . . . provides the venue when MARTA is sued as a joint tortfeasor.").

In Mallard's deposition, she stated that at the time of the incident in September 2015, she was working the closing shift at a north Fulton County department store, leaving there around 10:30 p.m. and taking a MARTA train from the Northpoint station to the Kensington station. Mallard arrived at the Kensington station around midnight, and she was carrying her purse on her shoulder, had one of her two cell phones in one hand, and carried some bags containing purchases in her other hand. Mallard saw a man near one rail on the landing of a long stairway leaving the train station platform, and she passed by him quickly, answering "I'm okay," in response to his question of "How you doing?" After Mallard passed him, Bryant came up from behind and grabbed her.

When Bryant grabbed her by the shoulders, Mallard threw her phone down; she explained that "he took my purse, and he threw my purse. He physically took it off of my shoulder and threw it, and that's when he cocked the gun, and he put it to the back of my head." She told him, "Just take everything. Just let me go. Just take everything. And he said, 'I will take everything, but first. . . .' And that's when he proceeded to drag me back up the stairs, and back over the railing and into the bushes." After he raped her, Bryant walked back toward the station, and Mallard got dressed and also went back toward the station. She estimated that the assault lasted

approximately 15 or 20 minutes, and she immediately flagged down the officer and reported the incident. Mallard saw her belongings strewn around the stairway.

Eventually, Bryant was apprehended, and a search of his apartment revealed Mallard's old cell phone that had been in her purse. Scipio was apprehended after he used Mallard's Breezecard to access the train, and he admitted to a MARTA police officer that he had stolen some of Mallard's items after encountering them on the floor around midnight, which was about the time she was being assaulted at the station.[5]

Approximately three years after filing its answer, on June 25, 2019, MARTA moved for "Separate Trials and to Transfer Venue," arguing that it would be prejudicial to have a trial on both the claims against Scipio and claims against Bryant, and if the claims were severed, then venue would be proper in Fulton County for the claims against Bryant. Mallard responded, and in October 2019, MARTA replied, including a recording of Scipio's interview with MARTA police after the incident, and MARTA also filed an amended answer, clarifying that venue was improper.

---

[5] We note that in the facts section of its reply brief, MARTA cites to the first page of Mallard's deposition rather than an exact page upon which any of the allegations appear. This is not an acceptable method of citation to the record. See Court of Appeals Rule 25 (b) (1), (c) (3).

4

After a hearing on the motion to sever, the trial court initially denied the motion, but MARTA moved for reconsideration, and the trial court granted the motion on the basis that Bryant and Scipio were successive and not joint tortfeasors.[6] Mallard appeals this ruling.

Mallard argues that the trial court abused its discretion by severing the claims against Bryant and MARTA from her claims against Scipio and MARTA and by transferring the claims against Bryant and MARTA to Fulton County.[7] We agree.

MARTA does not argue that Mallard is precluded from suing it and Scipio as joint tortfeasors or that Mallard is precluded from suing it and Bryant as joint tortfeasors. Nor does MARTA contend that Mallard was prohibited from suing it in DeKalb County for the claims against it and Scipio as joint tortfeasors.[8] MARTA claims, however, that because Bryant and Scipio were not "acting in concert," they

---

[6] See, e.g., *Gay v. Piggly-Wiggly Southern Inc.*, 183 Ga. App. 175, 180-181 (2) (358 SE2d 468) (1987).

[7] Because of the interconnected nature of the errors raised, we address them together.

[8] See, e.g., *Glover*, 243 Ga. at 483 (holding that plaintiff could pursue lawsuit in DeKalb County against MARTA and its bus driver because the plaintiff named as a joint tortfeasor a DeKalb County resident who was operating a vehicle that stuck and killed a child exiting the MARTA bus).

were not joint tortfeasors, which prohibits a single trial on all the claims asserted by Mallard and instead requires two separate trials in two different counties.[9]

As an initial matter, MARTA admitted in its answer that "venue [is] proper" in the DeKalb County action.[10] Further, Mallard alleges that MARTA's tortious failure to keep its premises safe resulted in the injuries against her person and property perpetrated by Bryant and Scipio.[11] MARTA's negligence allegedly overlaps with the codefendants' criminal acts. Thus, MARTA is not alleged to be a successive tortfeasor in any instance, and its alleged negligence resulted in multiple injuries to Mallard, including Bryant's alleged act of separating Mallard from her possessions

---

[9] Bryant has not answered or challenged venue as to the claims against him.

[10] See *Robinson v. Star Gas of Hawkinsville*, 243 Ga. App. 112, 113 (533 SE2d 97) (2000) (explaining that "the defense of improper venue may be waived by a nonresident defendant, and such a waiver may be express or implied" and holding that the trial court abused its discretion by transferring the case because the nonresident defendant had expressly waived its defense of venue).

[11] "'[A] tortious act may have several consequences, concurrent or successive, for all of which the first [tortfeasor] is responsible.'" *Brown v. All-Tech Investing Group Inc.*, 265 Ga. App. 889, 894 (1) (595 SE2d 517) (2004), quoting *Southern R. Co. v. Webb*, 116 Ga. 152, 156 (42 SE 395) (1902).

and his continued imprisonment of her during the assault providing the opportunity for Scipio to take her items.[12]

In light of the particular allegations in this case, Mallard was permitted to file a single action against Scipio, Bryant, and MARTA because the claims against the men and the entity all arise from the "same transaction, occurrence, or series of transactions or occurrences" during a 20-minute time period at the Kensington MARTA station.[13] Although pursuant to OCGA § 9-11-42 (b), "[t]he court, in furtherance of convenience or to avoid prejudice, may order a separate trial of any

---

[12] See *Phillips v. Tellis*, 181 Ga. App. 449, 449 (352 SE2d 630) (1987); *Gilson v. Mitchell*, 131 Ga. App. 321, 330 (205 SE2d 421) (1973) ("if the separate and independent acts of negligence of several persons combine naturally and directly to produce a single injury, they may be sued jointly"), superceded by statute on other grounds as stated in *Fed. Deposit Ins. Co. v. Loudermilk*, 305 Ga. 558, (826 SE2d 116) (2019). Compare *Ferguson v. Carver*, 257 Ga. App. 849, 851 (1) (572 SE2d 700) (2002) (reversing a trial court's order granting a motion to consolidate actions for claims arising from two separate car accidents that occurred eighteen months apart with two separate defendants); *Brinks, Inc. v. Robinson*, 215 Ga. App. 865, 865-867 (1) (452 SE2d 788) (1994) (explaining that defendants related to two separate car accidents occurring four months apart do not constitute joint tortfeasors for purposes of venue).

[13] See OCGA § 9-11-20 (a) ("[A]ll persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. *A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded*.") (emphasis supplied).

7

claim. . . ." "[H]ere, [because] the claimed prejudice is to another defendant, there has been no harm shown by [MARTA]."[14] Thus, the trial court abused its discretion in ordering severance of the claims because such severance neither furthered convenience nor avoided prejudice to MARTA. "We do not view the claim of possible confusion or of prejudice in trying the whole matter here before a jury to be meritorious. The claims are not complicated, nor are the parties too numerous to enable the jury to 'keep the record straight' as the evidence is introduced."[15] "From our perspective[,] it seems obvious that the jury needed to be presented with the entire panorama, in order to understand the root cause of [Mallard's] claims. While it might be an exaggeration to describe the events here as one all encompassing transaction, there exists a very connected and related series of transactions";[16] therefore, the trial

---

[14] *Troutman v. B. C. B. Co.*, 209 Ga. App. 166, 167 (1) (433 SE2d 73) (1993). See also *Lansky v. Goldstein*, 141 Ga. App. 345, 345-346 (1) (233 SE2d 437) (1977).

[15] (Punctuation omitted.) *Lansky*, 141 Ga. App. at 345-346 (1), quoting *Southern Concrete Co. v. Carter Constr. Co.*, 121 Ga. App. 573, 575 (3) (174 SE2d 447) (1970).

[16] *Vitner v. Funk,* 182 Ga. App. 39, 41 (1) (354 SE2d 666) (1987).

court abused its discretion by granting MARTA's motion to sever the claims and by transferring part of those claims to Fulton County.[17]

*Judgment reversed. Reese and Brown, JJ., concur.*

---

[17] See *MARTA v. Mosley*, 280 Ga. App. 486, 492-493 (5) (634 SE2d 466) (2006) (affirming the denial of a defendant's motion to sever and explaining that, to the extent that evidence against another defendant may be inadmissible against the movant, he had "failed to show that his interests could not be adequately protected by a limiting instruction to the jury").